# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLISON EDUCATIONAL EQUIPMENT, INC., a California corporation,<br><br>                                    Plaintiff,<br><br>v.<br><br>AVERY ELLE, INC., A California corporation; and DOES 1-10, inclusive,<br><br>                                    Defendants. | Case No.: 19-cv-00181-H-NLS<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT'S RULE 11 MOTION; AND**<br><br>[Doc. No. 28.]<br><br>**(2) GRANTING DEFENDANT'S MOTION TO AMEND ITS REPLY BRIEF**<br><br>[Doc. No. 36.] |

On April 11, 2019, Defendant Avery Elle, Inc. filed a motion for sanctions under Federal Rule of Civil Procedure 11 against Plaintiff Ellison Educational Equipment, Inc. (Doc. No. 28.) On April 29, 2019, Plaintiff filed a response in opposition to Defendant's Rule 11 motion. (Doc. No. 30.) On May 6, 2019, Defendant filed its reply.[1] (Doc. No.

---

[1] On May 8, 2019, Defendant filed a motion to amend its reply brief. (Doc. No. 36.) For good cause shown, the Court grants Defendant's motion to amend its reply brief, and the Court considers pages 5 and

1

33.) On May 8, 2019, the Court took the matter under submission. (Doc. No. 35.) For the reasons below, the Court denies Defendant's Rule 11 motion.

## Background

### I. Procedural History

On January 25, 2019, Plaintiff Ellison filed a complaint for patent infringement against Defendant Avery Elle, alleging infringement of U.S. Patent No. 9,079,325. (Doc. No. 1.) Specifically, Plaintiff alleges that Defendant's chemically etched dies directly and indirectly infringe the methods claimed by the '325 patent. (Id. ¶¶ 25-33.)

On March 6, 2019, Defendant filed an answer to Plaintiff Ellison's complaint and counterclaims. (Doc. Nos. 10, 11.) On April 8, 2019, the Court issued a scheduling order for the action. (Doc. No. 26.) By the present motion, Defendant moves for sanctions against Plaintiff under Federal Rule of Civil Procedure 11. (Doc. No. 28 at 4-5.)

### II. The Patent-In-Suit

The '325 patent is entitled "Chemical-etched die having improved registration means." U.S. Patent No. 9,079,325, at (54) (filed Jul. 14, 2015). The invention disclosed in the '325 patent "relates to a chemical-etched die of the kind to be used in combination with a (e.g., roller) press to produce die cut shapes from a sheet material. The die has a cutting edge which can be precisely registered by the user in alignment with a pattern that is printed on the sheet material from which the shapes are to be cut." Id. at 1:13-18.

Claim 1 of the '325 Patent claims:

> 1. A method for cutting out, by means of a first die, a shape that is printed on a sheet material, wherein the die includes an inside opening that corresponds to the shape to be cut from the sheet material, a flat outside border having first and opposite faces that surround said inside opening, and a cutting edge that projects from the first face of the flat outside border, such that said cutting edge surrounds the inside opening of said first die and corresponds exactly with the shape that is printed on the sheet material and none of the flat outside border of said die extends into the inside opening of said die past the interface

---

8 in the reply brief as amended by Exhibit A to the May 8, 2019 motion for leave to amend in deciding Defendant's Rule 11 motion for sanctions. (Id.)

of said cutting edge with the first face of said flat outer border, said method comprising the steps of:

locating the shape printed on the sheet material to be cut therefrom;

placing the cutting edge which projects from the first face of the flat outside border of said first die directly against the sheet material, and looking through the inside opening of said first die so that the shape printed on the sheet material is located entirely within the inside opening of said first die and the cutting edge which projects from the first face of said flat outside border is automatically registered so as to surround the shape to be cut from the sheet material;

positioning said first die and the sheet material having the shape to be cut therefrom within a roller press; and

moving said first die and said sheet material through said roller press for causing a force to be applied to the opposite face of the flat outside border of said first die after said cutting edge has first been placed against the sheet material and said first die and said sheet material have been positioned in said roller press for pushing said cutting edge through said sheet material to cut the shape outwardly therefrom.

Id. at 4:22-54.

## Discussion

**I. Legal Standards**

In patent cases, a motion for sanctions pursuant to Federal Rule of Civil Procedure 11 is governed by the law of the regional circuit. Intamin Ltd. v. Magnetar Techs., Corp., 483 F.3d 1328, 1337 (Fed. Cir. 2007); Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295, 1299 (Fed. Cir. 2004). Rule 11 provides in pertinent part:

(a) Signature. Every pleading . . . shall be signed by at least one attorney of record in the attorney's individual name . . . .

(b) Representations to Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . .

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for the extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11. "[T]he fundamental purposes of Rule 11 is to 'reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers, . . . [thereby] avoid[ing] delay and unnecessary expense in litigation.'" Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002) (quoting Golden Eagle Distrib. Corp. v. Burroughs Corp., 801 F.2d 1531, 1537 (9th Cir. 1986)).

"An attorney is subject to Rule 11 sanctions, among other reasons, when he presents to the court 'claims, defenses, and other legal contentions . . . [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]'" Holgate v. Baldwin, 425 F.3d 671, 675–76 (9th Cir. 2005) (quoting Fed. R. Civ. P. 11(b)(2)). "When, as here, a 'complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it.'" Id. at 676 (quoting Christian, 286 F.3d at 1127). "As shorthand for this test, we use the word 'frivolous' 'to denote a filing that is both baseless and made without a reasonable and competent inquiry.'" Id. (quoting In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 434 (9th Cir. 1996). A district court's decision on a Rule 11 motion is reviewed for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 409 (1990).

///
///
///

## II. Analysis

### A. Adequate Legal Basis

Defendant argues that Plaintiff's claims for infringement of the '325 patent are frivolous because a cursory review of the accused products would demonstrate that the accused products are missing at least one claim limitation from patent, specifically the claim limitation "none of the flat outside border of said die extends into the inside opening of said die past the interface of said cutting edge with the first face of said flat outer border." (Doc. No. 28 at 8-15.) But Defendant's argument is premised on the Court adopting Defendant's proposed claim construction for that claim term. (See id. at 13-15; Doc. No. 33 at 2-5.) Plaintiff disputes Defendant's proposed construction for that claim term and offers an alternative proposal. (Doc. No. 30 at 13-16.) Thus, in order for Defendant to demonstrate that Plaintiff's claims for patent infringement are frivolous, Defendant must demonstrate that Plaintiff's proposed construction for this claim term is baseless.

The Court has reviewed the claim construction positions and arguments presented in the briefing on Defendant's Rule 11 motion. Although the Court might not ultimately adopt Plaintiff's proposed construction for the claim term at issue after full claim construction briefing and a Markman hearing, Plaintiff's proposed claim construction is not frivolous or baseless. See Aspex Eyewear, Inc. v. Marchon Eyewear, Inc., 672 F.3d 1335, 1347 (Fed. Cir. 2012) ("This court has recognized that as a general rule preamble language is not treated as limiting."); Allen Eng'g Corp. v. Bartell Indus., Inc., 299 F.3d 1336, 1346 (Fed. Cir. 2002) ("Generally, the preamble does not limit the claims."). As such, Defendant has failed to demonstrate that Plaintiff's theory of infringement is frivolous. See Q-Pharma, 360 F.3d at 1301 (affirming the denial of a motion for Rule 11 sanctions where the plaintiff's "claim interpretation, while broad, followed the standard canons of claim construction and was reasonably supported by the intrinsic record").

Defendant also argues that Plaintiff's claims for infringement of the '325 patent are frivolous because the '325 patent is invalid in light of the QuicKutz and Spellbinders YouTube video prior art references and the other prior art references cited in the patent.

(Doc. No. 28 at 16-19.) But Defendant fails support this contention with an actual anticipation or obviousness analysis under the proper standards. (See id.) Cf. In re Cruciferous Sprout Litig., 301 F.3d 1343, 1349 (Fed. Cir. 2002) ("In order to prove that a claim is anticipated under 35 U.S.C. § 102(b), defendants must present clear and convincing evidence that a single prior art reference discloses, either expressly or inherently, each limitation of the claim."); PAR Pharm., Inc. v. TWI Pharm., Inc., 773 F.3d 1186, 1193 (Fed. Cir. 2014) ("A party asserting that a patent is obvious "must 'demonstrate by clear and convincing evidence that a skilled artisan would have had reason to combine the teaching of the prior art references to achieve the claimed invention, and that the skilled artisan would have had a reasonable expectation of success from doing so." (internal quotation marks omitted)). Moreover, the Federal Circuit has explained that a patentee may "reasonably believe[] its patent to be valid in light of the statutory presumption of validity." Q-Pharma, 360 F.3d at 1303 (citing 35 U.S.C. § 282). As such, Defendant has failed to demonstrate that Plaintiff's assertion that the '325 patent is valid is frivolous. See id. In sum, Defendant has failed to demonstrate that Plaintiff's claims for patent infringement are objectively baseless.

      B.     Reasonable Inquiry

"The reasonable inquiry test is meant to assist courts in discovering whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded." Holgate, 425 F.3d at 677. The Federal Circuit has explained that in the context of a claim for patent infringement, "the key factor in determining whether a patentee performed a reasonable pre-filing inquiry is the presence of an infringement analysis." Q-Pharma, 360 F.3d at 1302. "And an infringement analysis can simply consist of a good faith, informed comparison of the claims of a patent against the accused subject matter." Id.

In its motion, Defendant speculates that Plaintiff failed to perform a basic pre-filing investigation prior to filing the complaint in this action. (Doc. No. 28 at 19.) In response to this contention, Plaintiff has presented the Court with evidence in the form of a

declaration from its counsel stating that prior to filing the present action, Plaintiff's counsel purchased the accused products, reviewed information about the accused products on Defendant's website and in videos, construed the '325 patent's claims, compared his constructions to the accused products, and concluded that the accused products infringe claim 1 of the '325 patent. (Doc. No. 30-2, Hahn Decl. ¶¶ 3-14.) Defendant has failed to provide the Court with anything to contradict or otherwise rebut Plaintiff's evidence regarding its pre-filing investigation. As such, Plaintiff has demonstrated that it conducted a reasonable and competent pre-filing investigation. See Q-Pharma, 360 F.3d at 1302-03 (finding the patentee's pre-filing investigation reasonable where the patentee "obtained a sample of the accused product, reviewed [the defendant's] statements made in the advertising and labeling of the accused product, and, most importantly, compared the claims of the patent with the accused product").

**Conclusion**

For the reasons above, the Court denies Defendant Avery Elle's Rule 11 motion.

**IT IS SO ORDERED.**

DATED: May 13, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT